**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**


JAMES E. WILLIAMS, et al.,           )
     Plaintiffs,                )
                                 )
v.                               )     No.  3:09-CV-524
                               )     (Phillips)
JOHN WITSELL,              )
     Defendant.               )


## MEMORANDUM OPINION


This matter is before the court on defendant John Witsell's motion to dismiss plaintiffs' complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint is bared by the statute of limitations set out in Tenn. Code Ann. § 28-3-104(a).  Plaintiffs have responded in opposition.  For the reasons which follow, defendant's motion to dismiss is **GRANTED**, and this action is **DISMISSED, with prejudice.**


Plaintiffs bring this claim for violation of their federal constitutional rights pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiffs initiated an identical action on September 15, 2007 (Civil Action No. 3:07-cv-243), alleging that defendant Witsell, a United States Customs and Immigration Services agent, had violated their federal constitutional rights when plaintiffs met with defendant to discuss a potential claim they wished to pursue, both by refusing to investigate the claim and also by becoming enraged when plaintiffs disclosed that they were recording

the encounter.  On December 3, 2008, this court dismissed the prior action for failure to serve the United States pursuant to Federal Rule of Civil Procedure 4(i).

On December 2, 2009, plaintiffs filed the instant complaint, pursuant to the Tennessee Savings Statute, Tenn. Code Ann. § 28-1-105.  The statute provides:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff or his representative and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

The Savings Statute, by its own terms, tolls the running of the statute of limitations only if the action was commenced within the original one-year period provided by Tenn. Code Ann. § 28-3-104.  Plaintiffs served a summons on defendant Witsell on June 15, 2007, but plaintiffs failed to serve the United States in the original action.

Plaintiffs are suing defendant in his individual capacity for alleged acts committed while defendant was performing his duties as an agent of the United States Citizen and Immigration Services.  Accordingly, under Federal Rule of Civil Procedure 4(i)(3), it is clear that despite having sued defendant Witsell in his individual capacity, plaintiffs were required to serve the United States, as provided by Federal Rule of Civil Procedure 4(i)(1).  Rule 4(i)(3) requires service on the United States when a United States officer or employee is sued in an individual capacity for acts or omissions occurring in connection with duties performed on behalf of the United States.  For the Savings Statute

to apply in this case, plaintiffs would have had to serve the United States with the summons and complaint before the initial running of the one-year statute of limitations, which expired on June 16, 2007. Because the United States was never served in the initial action, the claim expired on June 16, 2007. *See Sims v. Adesa Corporation*, 294 S.W.3d 581, 582 (Tenn.App. 2008) (the [Tennessee] savings statute did not come into play, and therefore did not toll one-year limitations period when defendant was never served with process, the claim had expired and there was nothing to save). Accordingly, the court finds that the Tennessee Savings Statute does not apply to plaintiffs' complaint herein and defendant Witsell's motion to dismiss [Doc. 13] is **GRANTED.** This action is hereby **DISMISSED, with prejudice.**

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge